**Dated: September 8, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:**<br><br>**JASON MATTHEW NUNLEY,**<br><br>**Debtor.** | **Case No. 23-11317-T**<br>**Chapter 7** |
| **MALLORY NITZEL and SHANE NITZEL,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**JASON MATTHEW NUNLEY,**<br><br>**Defendant.** | **Adv. No. 24-01002-T** |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion for Summary Judgment (the "Motion"),[1] filed by Mallory Nitzel and Shane Nitzel ("Plaintiffs"); Defendant's

[1] ECF No. 44.

Response to Plaintiffs' Motion for Summary Judgment,[2] filed by Jason Matthew Nunley ("Defendant"); and Plaintiffs' Reply in Support of Motion for Summary Judgment.[3] Plaintiffs hold a state court judgment against Defendant and filed this adversary proceeding to except the judgment from discharge pursuant to 11 U.S.C. § 523(a)(6).[4] The following findings of fact and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7052.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined by 28 U.S.C. § 157(b)(2)(I).

**Summary Judgment Standard**

The United States Court of Appeals for the Tenth Circuit has held that:

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation omitted).[5]

---

[2] ECF No. 49.

[3] ECF No. 50.

[4] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[5] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

When the nonmoving party fails to respond to a movant's assertion of fact, the Court may "consider the fact undisputed for purposes of the motion."[6] Nonetheless, the Court must "examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."[7]

**Findings of Fact**

For purposes of the Motion, the Court finds there is no genuine dispute as to the following facts:[8]

1. On July 16, 2020, Plaintiffs filed a civil action in the District Court of Tulsa County, State of Oklahoma ("State Court"), captioned *Shane Nitzel and Mallory Nitzel v. Jason Nunley*, Case No. CJ-2020-2218 ("State Court Action").[9]

2. In the State Court Action, Plaintiffs asserted several claims against Defendant, including a claim for intentional infliction of emotional distress.[10]

---

[6] Fed. R. Civ. P. 56(e)(2), made applicable to this proceeding by Fed. R. Bankr. P. 7056. *See also* Bankr. N.D. Okla. Local Rule 7056-1(B) ("All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material.").

[7] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[8] These facts were alleged by Plaintiffs in the Motion. *See* ECF No. 44. Because Defendant failed to controvert Plaintiffs' statement of undisputed material facts with particularity, Plaintiffs' facts as set forth in the Motion are deemed admitted for purposes of the pending summary judgment motion. *See* Bankr. N.D. Okla. LR 7056-1(B); *Garrett v. Vaughan (In re Vaughan)*, 342 B.R. 385 (Table), 2006 WL 751388, at *3 (10th Cir. BAP Mar. 22, 2006) ("Necessary to the effective rebuttal of a summary judgment motion is the non-moving party's demonstration that genuine issues of fact remain. Non-moving parties raise genuine issues of material fact by controverting the moving party's factual averments with particularity.").

[9] ECF No. 44, Ex. 1 at 5-10 (State Court Petition).

[10] *Id.* at 8.

3. As a sanction for violating a court order compelling discovery, the State Court entered default judgment against Defendant as to liability only on Plaintiffs' claim for intentional infliction of emotional distress.[11] The State Court reserved the question of damages for trial.[12]

4. Defendant was present at trial and represented himself *pro se*.[13]

5. The issues for the jury to decide at trial were whether Plaintiffs suffered actual damages due to Defendant's intentional infliction of emotional distress and whether Defendant should be subject to punitive damages.[14]

6. After the parties presented their respective cases, the State Court instructed the jury on the law regarding actual and punitive damages.[15]

7. As to compensatory damages, the State Court instructed the jury that they may assess actual or nominal damages for intentional infliction of emotional distress and that Plaintiffs were only entitled to an amount to compensate for the injuries directly caused by the emotional distress.[16] The State Court also instructed the jury that nominal damages would be awarded if Plaintiffs could not prove they suffered actual damages.[17]

8. As to punitive damages, the State Court instructed the jury that they "must also find" whether Plaintiffs proved "by clear and convincing evidence" that "Defendant acted in reckless disregard of the rights of others and/or intentionally and with malice towards others."[18]

---

[11] *Id.* at 202 (Order Granting Plaintiffs' Motion for Sanctions).
[12] *Id.*
[13] *Id.* at 369 (Jury Minute).
[14] ECF No. 44, Ex. 1 at 345 (Statement of the Case).
[15] *Id.* at 346-68 (Jury Instructions).
[16] *Id.* at 360 (Jury Instruction No. 15).
[17] *Id.*
[18] *Id.* at 362 (Jury Instruction No. 17).

The State Court instructed the jury that "[m]alice involves either hatred, spite, or ill-will, or else the doing of a wrongful action intentionally without just cause or excuse."[19]

9. The jury unanimously found in favor of Plaintiffs and awarded actual damages in the sum of $50,000.00.[20]

10. The jury also found by clear and convincing evidence that Defendant "acted in reckless disregard of the rights of others," and "intentionally and with malice towards others."[21]

11. The jury awarded Plaintiffs punitive damages in the amount of $100,000.00.[22]

12. On January 3, 2023, the State Court entered judgment consistent with the jury's verdict.[23]

13. The Exhibit filed with the Motion constitutes the entire judgment roll from the State Court Action.[24]

14. On November 17, 2023, Defendant filed a Chapter 7 Voluntary Petition in this Court, Case Number 23-11317-T.[25]

15. On February 12, 2024, Plaintiffs filed their Complaint initiating this adversary proceeding.[26]

16. Plaintiffs then filed the instant Motion on June 22, 2026.[27]

---

[19] ECF No. 44, Ex. 1 at 362.

[20] *Id.* at 372. (Verdict Form – Intentional Infliction of Emotional Distress).

[21] *Id.*

[22] *Id.* at 374 (Verdict Form – Second Stage).

[23] *Id.* at 382-83 (Journal Entry of Judgment).

[24] *See Burris v. Burris (In re Burris)*, 591 B.R. 779, 793-94 (Bankr. W.D. Okla. 2019) ("Failure to produce the judgment roll is fatal to a request that a prior judgment be given preclusive effect."); *Grassmann v. Brown (In re Brown)*, 570 B.R. 98, 113 (Bankr. W.D. Okla. 2017) ("Without the entire judgment roll, it is not possible for this Court to determine what issues were actually litigated and the legal standards employed by the State Court.").

[25] Case No. 23-11317, ECF No. 1.

[26] ECF No. 1.

[27] ECF No. 44.

To the extent the Conclusions of Law contain any items that should more appropriately be considered Findings of Fact, they are incorporated herein by this reference.

**Conclusions of Law**

*A. Section 523(a)(6) – Willful and Malicious Injury*

"[A] central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'"[28] Such an opportunity, however, is reserved for the "honest but unfortunate debtor."[29] As such, there are certain categories of debts which are excepted from a debtor's discharge, including "debts involving a debtor's unacceptable conduct, such as dishonesty, fraud, intentional injury, or morally reprehensible conduct."[30] While these exceptions to discharge are meant to strike a balance between debtors and their creditors, they are to be narrowly construed with any doubts resolved in the debtor's favor.[31] Furthermore, a creditor seeking to except its claim from discharge pursuant to § 523 must prove the claim is nondischargeable by a preponderance of the evidence.[32]

Here, Plaintiffs argue that the debt resulting from the State Court Action is nondischargeable pursuant to § 523(a)(6), which excepts from discharge a debt "for willful and

---

[28] *Grogan v. Garner*, 498 U.S. 279, 286 (1991) (quoting *Loc. Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)).

[29] *Id.* at 287.

[30] *Oil States Indus., Inc. v. Nambakam (In re Nambakam)*, No. 19-01108, 2021 WL 3777567, at *6 (Bankr. W.D. Okla. Aug. 25, 2021) (citing *Hoffman v. Anstead (In re Anstead)*, 448 B.R. 202, 207 (Bankr. N.D. Ohio 2011)).

[31] *See DSC Nat'l Props., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 168 (10th Cir. BAP 2012); *Glencove Holdings, LLC v. Bloom (In re Bloom)*, No. 22-1005, 2022 WL 2679049, at *5 (10th Cir. July 12, 2022).

[32] *Grogan*, 498 U.S. at 287.

malicious injury by the debtor to another entity or to the property of another entity." For conduct to be willful for purposes of § 523(a)(6), there must have been "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."[33] "This description generally encompasses intentional torts, which require the actor intend the consequences of his act and not simply the act itself."[34] Thus, the test is subjective and the creditor must prove "that the debtor either intend the resulting injury or intentionally take action that is substantially certain to cause the injury."[35] To be malicious, "the debtor must have 'acted with a culpable state of mind vis-à-vis the actual injury caused the creditor.'"[36] This means the debtor's actions must have been wrongful and done without just cause or excuse, "even in the absence of personal hatred, spite or ill-will."[37] Thus, while a showing of specific intent to harm, *i.e.*, hatred, spite, or ill will, may satisfy the malicious element, it is not required.[38] Rather, the required threshold showing is the less

---

[33] *Owens v. Yiannos (In re Yiannos)*, 673 B.R. 453, 489 (Bankr. D. Colo. 2025) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)) (quotations omitted); *Blue Sky Bank v. Sitton (In re Sitton)*, No. 24-1046, 2024 WL 4481704, at *3 (Bankr. W.D. Okla. Oct. 11, 2024) ("The 'willful' element requires both an intentional act and an intended harm; an intentional act that leads to harm is not sufficient.").

[34] *Myers Operations, Inc. v. Noles (In re Noles)*, No. 22-01058, 2023 WL 2636311, at *11 (Bankr. W.D. Okla. Mar. 24, 2023) (citing *In re Smith*, 618 B.R. 901, 912 (10th Cir. BAP 2020)). *See Kawaauhau*, 523 U.S. at 61-62.

[35] *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004) (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).

[36] *In re Yiannos*, 673 B.R. at 489 (quoting *In re Smith*, 618 B.R. at 919).

[37] *In re Smith*, 618 B.R. at 918 n.106 (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)). *See Murphy v. Snyder (In re Snyder)*, 939 F.3d 92, 105 (2d Cir. 2019); *Kane v. Stewart Tilghman Fox & Biachi Pa (In re Kane)*, 755 F.3d 1285, 1294 (11th Cir. 2014); *Old Republic Nat'l Title Ins. Co. v. Levasseur (In re Levasseur)*, 737 F.3d 814, 818 (1st Cir. 2013); *In re Burris*, 598 B.R. at 334. *See also Bertone v. Wormington (In re Wormington)*, 555 B.R. 794, 800 (Bankr. W.D. Okla. 2016); *Gerlich v. Barwick (In re Barwick)*, No. 19-01060, 2021 WL 839079, at *5 (Bankr. W.D. Okla. Mar. 4, 2021); *Kanaga v. Landon (In re Landon)*, 657 B.R. 128, 141 (Bankr. N.D. Okla. 2024) (citations omitted).

[38] *See Davies v. Batcheler (In re Batcheler)*, 600 B.R. 680, 695 (Bankr. S.D. Fla. 2019) ("Because a showing of specific intent to harm another is not required, this element follows a slightly less stringent standard than willfulness.").

rigorous standard of implied or constructive malice, *i.e.*, wrongful and done without just cause or excuse.

*B. Issue Preclusion*

Plaintiffs rely on the doctrine of issue preclusion in support of their request for summary judgment as to their nondischargeability claim. Defendant contends that issue preclusion does not apply here because he was not given a full and fair opportunity to actually litigate the issue of liability in the State Court Action.

"Courts use the doctrine of issue preclusion to prevent the relitigation of issues or facts raised in a second suit on a separate claim between the parties."[39] In other words, issue preclusion "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit."[40] Moreover, "[i]t is settled law that 'the doctrine of issue preclusion, does, under appropriate circumstances, apply in discharge exception proceedings pursuant to § 523(a).'"[41] "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute . . . . This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered."[42] As such, this Court must determine to what extent, if any, the judgment rendered by the State Court Action is preclusive under Oklahoma law.

"In Oklahoma, issue preclusion can be invoked where a court has decided an issue of fact or law necessary to its judgment to prevent the same parties or their privies from relitigating that

---

[39] *Ford v. Landon (In re Landon)*, 619 B.R. 727, 733 (Bankr. N.D. Okla. 2020). *See Bobby v. Bies*, 556 U.S. 825, 834 (2009).

[40] *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009).

[41] *In re Landon*, 619 B.R. at 733 (quoting *Grogan*, 498 U.S. at 285 n.11).

[42] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005).

issue in a subsequent suit brought upon a different claim."[43] To establish issue preclusion under Oklahoma law, the party asserting issue preclusion must prove the following:

> (i) the party against whom [issue preclusion] is being asserted must have been a party to the prior action; (ii) the issue subject to preclusion was actually adjudicated in the prior case; (iii) the adjudicated issue was necessary and essential to the outcome of the prior case; and (iv) the party against whom it is interposed had a full and fair opportunity to litigate the claim or critical issue.[44]

An issue is actually litigated "only if: (i) it is properly raised in pleadings or otherwise submitted for determination in a prior action; and (ii) judgment would not have been rendered but for the determination of that issue."[45] However, "a party may be estopped from requiring the 'actually litigated' element of issue preclusion be met where a default judgment is entered against such party as a sanction or penalty[.]"[46]

First, the parties in this case are the same as those involved in the State Court Action. Therefore, the first element required to prove the applicability of issue preclusion is satisfied.

Second, the State Court sanctioned Defendant for violating its discovery order by entering default judgment against him on Plaintiffs' claim for intentional infliction of emotional distress. The State Court specified in its order sanctioning Defendant that it found in favor of Plaintiffs as to liability only and reserved the issue of damages for trial. Defendant then filed a motion to vacate the default judgment, which the State Court denied. Thus, the order entering default judgment against Defendant as a sanction for violation of the State Court's discovery order is a final

---

[43] *In re Nambakam*, 2021 WL 3777567, at *6 (first citing *Okla. Dep't of Pub. Safety v. McCrady*, 176 P.3d 1194, 1199 (Okla. 2007); and then *Miller v. Miller*, 956 P.2d 887, 897 (1998)).

[44] *Durham v. McDonald's Rest. of Oklahoma, Inc.*, 256 P.3d 64, 66-67 (Okla. 2001).

[45] *In re Burris*, 591 B.R. at 793 (citing *McCrady*, 176 P.3d at 1199).

[46] *In re Nambakam*, 2021 WL 3777567, at *7 (first citing *In re Corey*, 394 B.R. at 527-28; and then *Zilm v. Roberts (In re Roberts)*, 505 B.R. 555, 567-68 (Bankr. N.D. Okla. 2014)).

judgment. Although default judgments are not generally given preclusive effect,[47] Defendant is estopped from claiming the issue of liability was not actually litigated, as the default judgment was entered *because of* Defendant's failure to comply with the court's discovery order. Defendant effectively waived or forfeited the "actually litigated" element of issue preclusion and will not now be rewarded for prior abusive litigation behavior.[48]

The damages awarded in the State Court Action, on the other hand, were actually litigated and determined via jury trial. The jury was instructed, and required to find, that "Plaintiffs sustained actual injuries as a direct result of the claimed emotional distress" in order to award actual damages.[49] To award punitive damages, it was also required to determine whether Plaintiffs proved "by clear and convincing evidence" that "Defendant acted . . . intentionally and with malice towards others."[50] Under Oklahoma law, a party acts "intentionally" when inflicting emotional distress if the party "desired to cause such distress or knew that such distress was substantially certain to result from [the party's] conduct."[51] Regarding malice, the jury instructions provided that maliciousness under Oklahoma law "involves either hatred, spite, or ill-will, or else the doing of a wrongful action intentionally without just cause or excuse."[52] The verdict forms indicate the jury found that, not only did Plaintiffs sustain injuries as a direct result of Defendant's conduct,

[47] *NLRB v. Gordon (In re Gordon)*, 303 B.R. 645, 654 (Bankr. D. Colo. 2003) (citing *Arizona v. California*, 530 U.S. 392, 414 (2000)).

[48] *See In re Roberts*, 505 B.R. at 568 ("[P]ermitting litigants who have been adjudicated as abusive to avoid the preclusive consequences of a penalty default judgment would reward (and perhaps encourage) bad behavior.").

[49] ECF No. 44, Ex. 1 at 360.

[50] *Id.* at 362.

[51] *Parrett v. UNICCO Serv. Co.*, 127 P.3d 572, 576 (Okla. 2005) (quoting OUJI (civil) No. 20.2)).

[52] ECF No. 44, Ex. 1 at 362. Oklahoma's definition of malice encompasses both "express malice," which requires a more stringent showing of personal animus, such as hatred, spite, or ill will, in addition to "implied malice," which is a less exacting standard. *See Park v. Sec. Bank & Tr. Co.*, 512 P.2d 113, 119 (Okla. 1973).

but Defendant acted intentionally and with malice.[53] This finding is consistent with the standard for willful and malicious injury under § 523(a)(6)[54] and the Court finds that the second element of issue preclusion is met.

Third, as alluded to above, the jury could not have awarded actual and punitive damages absent a finding that Plaintiffs sustained injuries because of Defendant's conduct and that Defendant acted intentionally and with malice. As such, the issue of whether Defendant caused Plaintiffs' injuries, and in doing so acted willfully and with malice, was necessary and essential to the outcome of the State Court Action. Thus, Plaintiffs have satisfied the third element required to prove the applicability of issue preclusion.

Fourth, Defendant was represented by counsel, albeit sporadically, prior to the trial in the State Court Action. Furthermore, although he proceeded *pro se* during the trial, Defendant was present and had a full and fair opportunity to defend himself. The Court finds the fourth and final element required to demonstrate the applicability of issue preclusion is met.

The issue of whether Defendant injured Plaintiffs through his willful and malicious conduct was actually litigated and established in the State Court Action. Such a finding is binding on this Court under the principles of issue preclusion. Therefore, Plaintiffs have established a willful and malicious injury under § 523(a)(6) and are entitled to summary judgment on their claim of nondischargeability.

---

[53] *Id.* at 372.

[54] *See, e.g.*, *In re Barwick*, 2021 WL 839079, at *10; *In re Nambakam*, 2021 WL 3777567, at *10; *Commc'n Fed. Credit Union v. Lewis (In re Lewis)*, 31 B.R. 83, 86 (Bankr. W.D. Okla. 1983).

**Conclusion**

For the reasons set forth above, Plaintiffs' Motion for Summary Judgment is GRANTED. The Court finds there are no genuine issues of material fact in dispute in this case. The Court further finds Plaintiffs have met their burden under § 523(a)(6) to show their debt is nondischargeable, and that they are entitled to judgment as a matter of law.

A separate judgment in accordance with this Memorandum Opinion is entered concurrently herewith.

###